UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM ISIAH JOHNSON,
Plaintiff.

vs.

Case No: 3:18-cv-1042-J-32PRK

JOSEPH S. TROWELL,
M. WHITE,
A. PIERRCE,
K. STROMA,
Each Defendant Issued In
Their Individual Capacity.
Defendant(s).
_____/

## CIVIL RIGHTS COMPLAINT

**I.** Part Information:

  A. Plaintiff: William Isiah Johnson

  Inmate Prison #: P44771

  Year of Birth: 1990

  Mailing Address: Florida State Prison
                   P.O. Box 800
                   Raiford, Florida 32083

**II.** Defendant(s) Information:

  A. Defendant: Joseph S. Trowell

    Official Position: Correctional Officer

    Place of Employment: Reception and Medical Center

    Mailing Address: P.O. Box 628
                        Lake Butler, Florida 32054

B. Defendant: M. White

    Official Position: Correctional Sergeant

    Place of Employment: Reception and Medical Center

    Mailing Address: P.O. Box 628
                        Lake Butler, Florida 32054

C. Defendant: A. Pierrce

    Official Position: Correctional Officer

    Place of Employment: Reception and Medical Center

    Mailing Address: P.O. Box 628
                        Lake Butler, Florida 32054

D. Defendant: Stroma

    Official Position: Prison Nurse

    Place of Employment: Reception and Medical Center

    Mailing Address: P.O. Box 628
                        Lake Butler, Florida 32054

**III.** Place of Present Confinement:

    Florida State Prison

**IV.** Exhaustion of Grievance Remedies:

    Plaintiff has exhausted all available Grievance Remedies.

**V. Previous Lawsuits:**

    A. Plaintiff was a class member in the below listed Federal Case, Class Action Lawsuit, filed in the Northern District of Florida

        1. Parties Information In Previous Lawsuit:

        Plaintiffs: Copeland, et al.,

        Defendants: Jones et al.,

        2. Court: Northern District of Florida

        3. Case No: 4:15-CV-00452-RH-CAS

        4. Facts of Case: Defendants were deliberately indifferent to Plaintiffs serious medical needs.

        5. Disposition of Case: Case was settled out.

        6. Approximate filing date: September 2015

    B. Plaintiff has NOT filed any other lawsuits in State Court dealing with the same or similar facts involved in this action or otherwise relating to his imprisonment or condition thereof.

## VI. STATEMENT OF FACTS

1. On April 9, 2018, Plaintiff was an inmate being housed at the Reception & Medical Center.

2. On April 9, 2018 at approximately 10:36 am, Plaintiff exited Wing Four and walked towards the officer station where Officer Trowell was standing at.

3

3. Upon approaching defendant Trowell, Plaintiff advised Defendant Trowell, that Plaintiff was declaring a Medical Emergency.

4. Plaintiff advised Defendant Trowell that Plaintiff was having severe chest pains and needed to see a Nurse.

5. Defendant Trowell became angry and visibly upset.

6. Defendant Trowell started yelling at the Plaintiff and threatening to beat the Plaintiff up if he didn't return back to his wing.

7. Defendant Trowell started stating to the Plaintiff, that Plaintiff wasn't in Confinement anymore and that Plaintiff wasn't behind a door, no more meaning that the Defendant could beat the Plaintiff up.

8. Plaintiff, in an attempt to avoid problems, turned around and started walking back to his wing as ordered by Defendant Trowell.

9. As Plaintiff was walking back to the wing, Defendant Trowell quickly walked up on the side of the Plaintiff making threats of bodily harm to the Plaintiff.

10. Defendant Trowell then got in front of Plaintiff and stood directly in the path of Plaintiff.

11. All of a sudden, without cause and while Plaintiff was complying with all orders and not acting disruptively, Defendant Trowell struck the Plaintiff in the face with a closed fist.

12. Plaintiff attempted to protect his face by blocking Defendant Trowell punches as

Defendant Trowell continued to punch Plaintiff.

13. As Plaintiff was moving backwards to avoid the punches of Defendant Trowell, Defendant Pierrce came up and grabbed Plaintiff by the neck and began punching Plaintiff in the face with his right fist.

14. Defendant Pierrce was also punching the Plaintiff in the body area inflicting pain upon Plaintiff.

15. Defendant White, then ran up and started punching Plaintiff in the face.

16. Defendant White then placed the Plaintiff in a choke hold, headlock, and started chocking Plaintiff.

17. As Defendant White was choking Plaintiff, Defendants Pierce and Trowell continued to punch Plaintiff in the body areas.

18. As Defendant White was choking Plaintiff with a headlock, Defendant White pulled his can of chemical agents off his side, and started spraying Plaintiff in the face with chemical agents.

19. The chemical agents caused Plaintiff to suffocate even more from lack of oxygen.

20. The chemicals caused a burning sensation to Plaintiffs face and eyes and Plaintiff was unable to see out of his eyes at this point.

21. Plaintiff was then knocked to the floor.

22. Defendants White, Pierrce and Trowell continued to each kick and punch Plaintiff while Plaintiff was on the floor.

5

23. At some point, as the beating was going on, Plaintiff was handcuffed behind the back.

24. Once the handcuffs was on, the beating got worst.

25. Plaintiff was brutally kicked in the mouth, which caused Plaintiff's head to shake violently and produced a concussion, which caused Plaintiff to be dizzy and in excruciating pains in the head and mouth.

26. Plaintiff suffered a deep laceration to the inner bottom lip, right side, which was bleeding heavily.

27. While the Defendants was attacking Plaintiff, the Defendants were calling Plaintiff a Nigger and spitting on him.

28. Once the Defendants had completed their attack on the Plaintiff, Captain Livingston and additional staff arrived.

29. A officer turned on a hand held camera and Plaintiff was escorted from I-wing to K-wing Confinement dorm and placed in a shower.

30. Once the Plaintiff had taken a shower, Plaintiff was then escorted to the Medical room in k-Dorm to be evaluated by Defendant Stroma.

31. Defendant Stroma refused to document Plaintiffs injuries or refer Plaintiff for treatment for pain, swelling to the face as well as laceration and bleeding to lip.

32. Plaintiff continuously advised Defendant Stroma that he was in pain and bleeding and that Plaintiff was dizzy but Defendant Stroma refused to do anything for the

Plaintiff.

33. Plaintiff was then taken to wing three and placed in a cell in K-dorm.

34. Plaintiffs injuries consisted of but not limited to: Massive swelling to the left side jaw and face; deep laceration to inner side bottom lip; back, jaw, head, etc., Pain which was excruciating; and concussion.

35. Approximately 4 hours later at 3:00 pm, Plaintiff was then moved from wing three to wing one of K-Dorm and Plaintiff was placed in a cell with a roommate.

36. On April 10, 2018, Plaintiff was then transferred from the Reception and Medical Center to Hamilton Correctional Institution.

37. Once Plaintiff arrived at Hamilton C.I., Officers, Captain and nurses started inquiring about Plaintiff's facial injuries.

38. At approximately 12:00, Plaintiff was evaluated by Nurse J. Fuller.

39. Nurse Fuller noted most of Plaintiffs injuries.

40. Nurse Fuller informed the Captain that there was no documentation in Plaintiffs Medical File detailing the Plaintiffs injuries or confirming that Plaintiff received the necessary treatment for his serious injuries.

41. Medical Staff at Hamilton C.I., under doctors orders, injected Plaintiff with a Medication by needle.

42. The Medication was to help reduce the swelling to Plaintiff's jaw.

43. Afterwards, Plaintiff was taken to the Dental Office at Hamilton C.I.

44. Because Medical Doctor and the Dentist believed Plaintiff's jaw to be broken based on the swelling and condition of it as well as the laceration to Plaintiff's lip, Plaintiff was referred to receive treatment at a outside facility.

45. However, at approximately 9:00 pm, Plaintiff was transferred back to the Reception and Medical Center to received the necessary treatment for Plaintiffs injuries.

46. Days later, Plaintiff was evaluated by Medical Staff, whom did had to glue the laceration in Plaintiff's lip closed. The glue was used in place of sutures.

47. Plaintiff was unable to chew or eat any food for approximately nine days.

48. Weeks later, Plaintiff was seen by Dental at the Reception and Medical Center for treatment and x-rays.

49. It took approximately two and a half weeks for Plaintiffs swelling to go away and for Plaintiffs lip to heal but Plaintiff has a permanent bump on the inside of lip that will not go away or down.

50. The handheld camera that was used on Plaintiff on April 9, 2018 will clearly show that Defendant Stroma never gave the Plaintiff any treatment or referred Plaintiff to a doctor to get sutures placed in his lip in a timely manner, which may have prevented the permanent disfigurement to Plaintiff's bottom lip.

## VII. STATEMENT OF CLAIM

1. Defendant Trowell, while acting under Color of State law as Correctional Officer

for the Florida Department of Corrections, used excessive force against Plaintiff Johnson by kicking and punching Plaintiff in the face, head and body area while Plaintiff was not violating any prison rules and was not acting disruptively. Defendant Trowell actions violated Plaintiff Johnson's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Johnson pain, suffering, physical injury, and emotional distress.

2. Defendant White, while acting under Color of State Law as Correctional Sergeant for the Florida Department of Corrections, used excessive Force against Plaintiff Johnson, by kicking and punching Plaintiff in the face, head and body area; and choking Plaintiff, causing Plaintiff to suffocate; and by using chemical agents against Plaintiff causing burning sensation and temporary blindness; while Plaintiff was not violating and prison rules and was not acting disruptively. Defendant White actions violated Plaintiff Johnson's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Johnson pain, suffering, physical injury and emotional distress.

3. Defendant Pierrce, while acting under Color of State law in his individual capacity as Correctional Officer for the Florida Department of Corrections, used excessive force against Plaintiff Johnson by kicking and punching Plaintiff in the face, head, and body, while the Plaintiff was not violating any prison rules and was not acting disruptively. Defendant Pierrce actions violated Plaintiff Johnsons

rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Johnson pain, suffering, physical injury and emotional distress.

4. Defendant Stroma, while acting under Color of State Law, in her individual capacity as prison nurse, for the Florida Department of Corrections, did act with Deliberate Indifference to Plaintiff Johnson's serious Medical Needs, by failing and refusing to treat Plaintiff serious injuries; and by refusing to refer Plaintiff to Medical doctor and/or Dentist for serious injury to jaw and lip, contributed to and proximately caused Plaintiff Johnson permanent disfigurement to lip, pain, suffering, physical injury and emotional distress. Defendant Stroma actions violated Plaintiff Johnson's rights under the Eighth Amendment to the United States Constitution.

## VIII. **RELIEF REQUESTED:**

Wherefore, Plaintiff respectfully prays that this Court enter Judgment:

1. Granting Plaintiff Johnson a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States;

2. Granting Plaintiff Johnson Compensatory damages in the amount of $50,000.00 against each Defendant jointly and severally;

3. Granting Plaintiff Johnson punitive damages in the amount of $100,000.00 against each Defendant jointly and severally;

4. Plaintiff Seeks a jury trial on all issues triable by jury.

5. Plaintiff Johnson seeks any additional relief this Court deems just, proper and equitable.

Respectfully Submitted<br>
/s/ _William Johnson_<br>
William I. Johnson #P44771<br>
Date: 8-25-18

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true and correct.

Executed on this 27 day of 8 - 2018.

Respectfully Submitted<br>
/s/ _William Johnson_<br>
William I. Johnson